# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2237

_____

Mercy A. Perez Aviles; M.E.H.P.; V.M.P.P.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 13, 2024
Filed: August 1, 2024
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Mercy Perez Aviles and her sons petition for review of an order of the Board of Immigration Appeals denying their motion to reopen removal proceedings based upon new evidence of persecution relating to their asylum applications. Having jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.

In 2016, Perez and her sons, natives and citizens of El Salvador, unlawfully entered the United States without valid entry documents. The Department of Homeland Security subsequently commenced removal proceedings and served the family with Notices to Appear, charging them as inadmissible aliens under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Perez conceded removability but filed an application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, claiming that she and her family had been, and would continue to be, threatened by the Mara-18 gang in El Salvador.[1] Following a merits hearing, the Immigration Judge (IJ) denied the application and ordered Perez and her sons removed from the United States.

As relevant to the instant petition, the IJ rejected the asylum application on three grounds, first determining that Perez failed to establish past persecution or a well-founded fear of future persecution. Specifically, the IJ found that the threats Perez and her family had received from the gang "appear[ed] exaggerated and lacking in immediacy" and stemmed from the family's presence in certain neighborhoods, leaving open the possibility that they could seek refuge in a safer part of the country. He also noted that several relatives remained in El Salvador who had never been harmed or even contacted by the gang, which undermined the reasonableness of Perez's fear of persecution. Second, the IJ determined that even if Perez had satisfied the persecution element, she nonetheless failed to show that she belonged to a cognizable social group, finding that that the first group she proposed—"business owners"—failed to satisfy the immutability requirement. The IJ further found that the second proposed group, "family relationship," did not meet the requirements of particularity and social distinction, as it was "impossible for the court to determine the group's scope given its vague wording" and Perez's failure to elaborate on the nature and degree of her familial relationships. Third, the IJ determined that even if he were to accept the proposed social groups as legally sufficient, Perez had failed to establish a nexus between the gang's threatening

_____

[1]Perez's sons also filed applications that are identical in substance. Accordingly, we only address Perez's application.

behavior and her membership in one of those groups, as the gang was primarily motivated by a desire for financial gain and targeted the Salvadoran population writ large.

Notably, Perez did not directly appeal to the Board or seek reconsideration of the IJ's decision. However, she filed a motion to reopen the removal proceedings to allow for further consideration of her asylum claim following an event in which gang members beat her daughter on a public bus in El Salvador, stating that Perez "owed them." Perez argued that this attack served as evidence that she was a member of a particular social group, namely, "family members who are recognized." The IJ acknowledged the new evidence but ultimately denied the motion, concluding that the proposed social group "family members who are recognized" suffered from the same deficiencies that plagued the proposed social group articulated in the original application for asylum. Perez appealed to the Board, which adopted and affirmed the IJ's denial of her motion to reopen and dismissed the appeal. In doing so, the Board rejected as untimely a supplemental brief from Perez that it received after the applicable deadline had passed due to a snowstorm in the Washington, D.C. metropolitan area.

Perez now appeals the Board's dismissal of her appeal. "We review the Board's decision as the final agency action, including the IJ's findings and reasoning to the extent that the Board expressly adopted them." Gutierrez-Vargas v. Garland, 42 F.4th 877, 881 (8th Cir. 2022) (citation omitted). We apply a highly deferential substantial-evidence standard when reviewing a determination that an alien is ineligible for asylum. Pascual-Miguel v. Garland, 89 F.4th 657, 659 (8th Cir. 2023). Moreover, as a general matter, motions to reopen are disfavored. Arroyo-Sosa v. Garland, 74 F.4th 533, 541 (8th Cir. 2023). Thus, to prevail on a motion to reopen, "the new evidence must have been 'neither available nor discoverable at the prior hearing' and must be 'material to the outcome of the proceeding.' To meet this standard, the 'new facts "must be such that they would likely change the result in the case."'" Id. (citations omitted).

-3-

Here, Perez asserts that the IJ impermissibly refused to consider her nuclear family when analyzing the sufficiency of the proposed social group and that the Board employed an erroneous standard of review. She also argues that the Board abused its discretion in declining to consider the arguments raised in her late-filed brief, thus warranting remand pursuant to SEC v. Chenery Corp., 318 U.S. 80 (1943). See Omondi v. Holder, 674 F.3d 793, 800 (8th Cir. 2012) ("Under the Chenery doctrine, 'the BIA must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" (citation omitted)).

Each of these arguments, however, is ultimately immaterial, as Perez did not appeal the IJ's decision identifying three independent bases for denying her asylum claim on the merits. By failing to do so, the IJ's findings are now final and unreviewable. See 8 C.F.R. §§ 1003.3(a)(1), .39. At bottom, Perez's appeal to the Board and before this Court turns on the legal sufficiency of the particular social group that she raised in her asylum claim, and her rejected supplemental brief to the Board would have necessarily been limited to this subject given the finality of the IJ's findings. But the fact remains that even if "family members who are recognized" constitutes a cognizable social group, contrary to the conclusions of the IJ and the Board, Perez's claim still fails on two alternative, independent bases; namely, her failure to prove past persecution or a well-founded fear of future persecution, and her inability to establish a nexus between her particular social group and the gang's threats. See Pacheco-Moran v. Garland, 70 F.4th 431, 435 (8th Cir. 2023) ("To be eligible for asylum, an applicant must show that he is a refugee, defined in the Immigration and Nationality Act as a person unable or unwilling to return to his native country due to past persecution or a well-founded fear of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'") (emphasis omitted) (citation omitted). Stated otherwise, the new facts that Perez presented as part of her motion to reopen would not change the result in this case given the other deficiencies in her claim. See Romero-Larin v. Sessions, 733 F. App'x 847, 851 (8th Cir. 2018) (per curiam) (denying a petition to review the Board's denial of a motion to reopen where new evidence purportedly

demonstrating a reasonable fear of persecution would not have changed the outcome because the Board "independently grounded its decision" to deny asylum on other bases).

For the foregoing reasons, Perez's petition for review is denied.

_____